IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01103-WYD-MJW

VIRGILIUS LIPS and
LYNDA LIPS,

Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY, et al.,

Defendants.

---

Consolidated with

Civil Action No.  12-cv-01107-WYD-MJW

MELVEN LIPS and
JULIEN LIPS,

Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY, et al.,

Defendants

---

### ORDER ON
### PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED SECOND AMENDED COMPLAINT (Docket No. 52)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 8)

issued by Judge Wiley Y. Daniel on May 2, 2012.

Now before the court is Plaintiffs' Motion for Leave to File Consolidated Second

2

Amended Complaint (Docket No. 52). The court has carefully considered the subject motion (Docket No. 52) and defendants' response (Docket No. 56). Plaintiffs did not file a reply. In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiffs seek to further amend their Amended Consolidated Complaint (Docket No. 47). Plaintiffs' original separate complaints (12-cv-01103-WYD-MJW and 12-cv-01107-WYD-MJW) were filed on April 26, 2012. After this matter was consolidated, the court held a scheduling conference on September 5, 2012. The Scheduling Order (Docket No. 37) set a deadline for amendment of pleadings for October 22, 2012. The court held a telephonic status conference on October 4, 2012 (Docket No. 38). During the conference, the court set a show cause hearing for October 22, 2012 regarding plaintiffs' efforts to identify the John Doe defendants and amend their complaint. During the show cause hearing, the court found that plaintiffs had satisfied the show cause order, but also noted that plaintiffs would need to move for an extension of the amendment of pleadings deadline in order to file their proposed amended complaint.

Plaintiffs filed a motion to extend the amendment of pleadings deadline (Docket No. 41) that same day, which the court quickly granted (Docket No. 43). The amendment of pleadings deadline was extended to October 25, 2012. On October 25, 2012, plaintiffs filed a motion to amend the complaint (Docket No. 44). The next day, the court granted plaintiffs' motion (Docket No. 46) and the Amended Consolidated Complaint (Docket No. 47) was accepted for filing.

3

On November 9, 2012, defendants filed a Motion to Dismiss (Docket No. 49), seeking to dismiss the Amended Consolidated Complaint. This motion is pending before Judge Daniel. The subject motion (Docket No. 52) was filed on December 7, 2012. Defendants' Motion to Dismiss (Docket No. 49) became ripe for ruling on December 21, 2012.

Although the Federal Rules of Civil Procedure provide that a court should grant leave to amend "freely . . . when justice so requires," see Fed. R. Civ. P. 15(a), the court must first determine whether the amendment is within the deadline prescribed by the Scheduling Order. Here, the deadline for amendment of pleadings was October 25, 2012. Plaintiffs did not file their motion until December 7, 2012. Thus, the deadline to amend pleadings had expired over a month and a half prior to filing of plaintiffs' motion.

Because plaintiffs' motion was untimely, plaintiffs are first required to show "good cause" under Fed. R. Civ. P. 16(b)(4) for modifying the Scheduling Order. See, e.g., Colo. Visionary Acad. V. Medtronic, Inc., 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning on Rule 16(b)(4)).

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the

4

schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted). As such, the movant must "show that [he or she was] diligent in attempting to meet the deadline, which means [he or she] must provide an adequate explanation for any delay." Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). If the movant fails to show good cause under Rule 16(b)(4), there is no need for the court to move on to the second step of the analysis, i.e., whether the movant satisfied the requirements of Rule 15(a). Nicastle v. Adams Cnty. Sheriff's Office, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011).[1]

The court finds that plaintiffs have failed to show good cause. Plaintiffs do not address the "good cause" standard in their motion. Indeed, the only "argument" plaintiffs make in their motion is conclusory statements regarding the lack of undue delay, bad faith, and dilatory motive. In addition, defendants' response specifically brings up the "good cause" standard. Despite this opportunity to address the relevant standard, plaintiffs chose not to file a reply. Accordingly, the court must find that plaintiffs have failed to meet their burden to show good cause to modify the Scheduling Order, and thus to file a Consolidated Second Amended Complaint.

---

[1] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b)[(4)] in addition to the Rule 15(a) requirement." Strope v. Collins, 315 Fed. Appx. 57, 62 n.4 (10th Cir. 2009) (unpublished decision) (internal quotation omitted).

5

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Leave to File Consolidated Second Amended Complaint (Docket No. 52) is **DENIED**.

Date: January 9, 2013
   Denver, Colorado

<u>s/ Michael J. Watanabe</u>
Michael J. Watanabe
United States Magistrate Judge