IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01103-WYD-MJW

VIRGILIUS LIPS and
LYNDA LIPS,

Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY, et al.,

Defendants.

_____

Consolidated with

Civil Action No.  12-cv-01107-WYD-MJW

MELVEN LIPS and
JULIEN LIPS,

Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY, et al.,

Defendants

_____

**ORDER ON
PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER TO EXTEND DISCOVERY
CUTOFF (Docket No. 74)**

_____

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 8)

issued by Judge Wiley Y. Daniel on May 2, 2012.

Now before the court is Plaintiffs' Motion to Amend Scheduling Order to Extend

2

Discovery Cutoff Solely to Depose Mike Dieck, Tom Albershardt, Brian Rademacher, and John Glassburner (Docket No. 74).  The court has carefully considered the subject motion (Docket No. 74) and defendants' responses (Docket Nos. 78 & 79).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiffs seek a twenty-one day extension to the discovery cut-off date for the sole purpose of taking the depositions of Officers Mike Dieck, Tom Albershardt, Brian Rademacher, and John Glassburner (the "additional officers").  Plaintiffs expect each deposition "to take no more than 1.5 hours."

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  To determine whether good cause exists, the court must consider: "(1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence." Benton v. Avedon Eng'g, Inc., No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, *1 (D. Colo. Apr. 23, 2013) (citing Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987)).  "With regard to the fourth factor, the Tenth Circuit has explained that '[d]emonstrating good cause under [Rule 16(b)(4)] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" Id.

(quoting Strope v. Collins, 315 F. App'x 57, 61 (10th Cir. 2009)).

Here, the Amended Scheduling Order (Docket No. 64) set forth a discovery cut-off date of May 3, 2013.  The subject motion (Docket No. 74) was filed on May 3, 2013.  The dispositive motions deadline is July 2, 2013.  The Final Pretrial Conference is set for August 12, 2013.

As to the first factor, trial has not yet been set in this matter, and therefore trial is not imminent.

As to the second factor, all defendants oppose plaintiffs' request to extend discovery.

As to the third factor, it is not clear that defendants will be prejudiced if discovery is extended twenty-one days for the limited purpose set forth by plaintiffs.  Defendants do not specifically identify any prejudice they will suffer, and the court cannot find that they will suffer significant prejudice given the current posture of the case and the limited nature of plaintiffs' request.

As to the fourth and fifth factors, plaintiffs state that they did not learn that the additional officers were possibly present at the subject scene until plaintiffs conducted the depositions of various named defendants in April 2013.  Plaintiffs further state that they had to depose the named defendants first in order to identify other officers present at the scene, and plaintiffs deposed the named defendants as diligently as possible.

In response, defendants state that the additional officers were identified in documents disclosed on February 1, 2013, yet plaintiffs failed to depose them at that time.  Defendants further argue that plaintiffs could have taken steps prior to the depositions of the named defendants, such as utilizing written discovery, to identify

other officers present at the scene.  Defendants also contend that plaintiffs were not diligent in deposing the named defendants.

The court finds that the fourth and fifth factors do not greatly favor either party. Possibly plaintiffs could have learned of the additional officers prior to the depositions of the named defendants.  The court is also somewhat concerned with how close to the discovery cut-off dates the named defendants were deposed.  Certainly if plaintiffs suspected those depositions would lead to the need to conduct additional depositions, i.e., it was foreseeable, plaintiffs should have sought to depose the named defendants as quickly as possible.  However, the parties disagree as to whether earlier depositions were possible.  In any case, the court finds that plaintiffs could have acted with greater diligence, but the court is not convinced that additional diligence would have eliminated the need for the subject motion.

As to the sixth factor, the court finds that the depositions of additional officers present at the scene may lead to relevant evidence.  It is possible that any information offered by the additional officers may be cumulative, but it is also possible new information may come to light.

Considering the above factors, the court finds that plaintiffs have shown good cause to the extend the discovery cut-off date for the limited purpose set forth in the subject motion.  The short extension will not cause significant prejudice to defendants and will not cause a delay in the resolution of this case.  For these reasons and the others above, it is ordered that the Amended Scheduling Order (Docket No. 64) is amended to extend the discovery cut-off date up to and including May 28, 2013 for the limited purpose of deposing Mike Dieck, Tom Albershardt, Brian Rademacher, and John

5

Glassburner.  Each deposition shall be limited to two hours.  If possible, all depositions should be scheduled on the same day.


      **WHEREFORE,** for the foregoing reasons, it is hereby

      **ORDERED** that Plaintiffs' Motion to Amend Scheduling Order to Extend Discovery Cutoff Solely to Depose Mike Dieck, Tom Albershardt, Brian Rademacher, and John Glassburner (Docket No. 74) is **GRANTED**.  The Amended Scheduling Order (Docket No. 64) is amended to extend the discovery cut-off date up to and including May 28, 2013.


Date:  May 7, 2013          s/ Michael J. Watanabe
       Denver, Colorado        Michael J. Watanabe
                           United States Magistrate Judge