IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01103-WYD-MJW

VIRGILIUS LIPS and
LYNDA LIPS,

Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY;
ARAPAHOE COUNTY SHERIFF GRAYSON ROBINSON, In his official capacity;
SERGEANT JASON ANDERSON, in his individual and official capacities;
DETECTIVE CESAR MADRIGAL, in his individual and official capacities;
SERGEANT STEVE CROUSHORE, in his individual and official capacities; and
DETECTIVE JOSEPH POLLACK, in his individual and official capacities,

Defendants.

---

Consolidated with

Civil Action No. 12-cv-01107-WYD-MJW

MELVEN LIPS and
JULIEN LIPS,

Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY;
ARAPAHOE COUNTY SHERIFF GRAYSON ROBINSON, In his official capacity;
SERGEANT JASON ANDERSON, in his individual and official capacities;
DETECTIVE CESAR MADRIGAL, in his individual and official capacities;
SERGEANT STEVE CROUSHORE, in his individual and official capacities; and
DETECTIVE JOSEPH POLLACK, in his individual and official capacities,

Defendants.

---

## ORDER ON
## PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED SUPPLEMENTAL
## COMPLAINT (Docket No. 76)

2

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 8)

issued by Judge Wiley Y. Daniel on May 2, 2012.

Now before the court is Plaintiffs' Motion for Leave to File Supplemental

Complaint (Docket No. 76).  The court has carefully considered the subject motion

(Docket No. 76) and the Arapahoe Defendants' response (Docket No. 83).  Plaintiffs did

not file a reply.  In addition, the court has taken judicial notice of the court's file, and has

considered the applicable Federal Rules of Civil Procedure and case law.  The court

now being fully informed makes the following findings of fact, conclusions of law, and

order.

Plaintiffs seek to "supplement"[1] their Amended Consolidated Complaint (Docket

No. 47).  Plaintiffs' original separate complaints (12-cv-01103-WYD-MJW and 12-cv-

01107-WYD-MJW) were filed on April 26, 2012.  After this matter was consolidated, the

court held a scheduling conference on September 5, 2012.  The Scheduling Order

(Docket No. 37) set a deadline for amendment of pleadings for October 22, 2012.  The

court held a telephonic status conference on October 4, 2012 (Docket No. 38).  During

the conference, the court set a show cause hearing for October 22, 2012 regarding

plaintiffs' efforts to identify the John Doe defendants and amend their complaint.  During

---

[1] Although plaintiffs' motion uses the term "supplement," it is clear to the court that plaintiffs are seeking to amend their complaint under Fed. R. Civ. P. 15(a) rather than supplement their complaint under Fed. R. Civ. P. 15(d).  Plaintiffs are seeking to add "specific facts regarding deficient training by the Arapahoe County Sheriff's Office which were learned for the first time during the depositions of Craig Tangeman."  Docket No. 76, at 3.  Plaintiffs' motion does not involve a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).

the show cause hearing, the court found that plaintiffs had satisfied the show cause order, but also noted that plaintiffs would need to move for an extension of the amendment of pleadings deadline in order to file their proposed amended complaint.

Plaintiffs filed a motion to extend the amendment of pleadings deadline (Docket No. 41) that same day, which the court quickly granted (Docket No. 43).  The amendment of pleadings deadline was extended to October 25, 2012.  On October 25, 2012, plaintiffs filed a motion to amend the complaint (Docket No. 44).  The next day, the court granted plaintiffs' motion (Docket No. 46) and the Amended Consolidated Complaint (Docket No. 47) was accepted for filing.

On December 7, 2012, plaintiffs filed a Motion for Leave to File Consolidated Second Amended Complaint (Docket No. 52).  On January 9, 2013, the court entered an Order (Docket No. 60) denying plaintiffs leave to file a second amended complaint. Specifically, the court found that plaintiffs had failed to show good cause to modify the Scheduling Order to extend the amendment of pleadings deadline.

There are currently two motions to dismiss which are ripe for ruling before Judge Daniel.  The first motion to dismiss (Docket No. 49) was filed on November 9, 2012, and the second motion to dismiss (Docket No. 61) was filed on January 23, 2013.  The subject motion (Docket No. 76) was filed on May 3, 2013.

Although the Federal Rules of Civil Procedure provide that a court should grant leave to amend "freely . . . when justice so requires," see Fed. R. Civ. P. 15(a), the court must first determine whether the amendment is within the deadline prescribed by the Scheduling Order.  Here, the deadline for amendment of pleadings was October 25, 2012.  Plaintiffs did not file the subject motion until May 3, 2013.  Thus, the deadline to

amend pleadings expired over five months prior to the filing of plaintiffs' motion.

Because plaintiffs' motion is untimely, plaintiffs are first required to show "good cause" under Fed. R. Civ. P. 16(b)(4) for modifying the Scheduling Order.  See, e.g., Colo. Visionary Acad. V. Medtronic, Inc., 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning on Rule 16(b)(4)).

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).  As such, the movant must "show that [he or she was] diligent in attempting to meet the deadline, which means [he or she] must provide an adequate explanation for any delay."  Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  If the movant fails to show good cause under Rule 16(b)(4), there is no need for the court to move on to the second step of the analysis, i.e., whether the movant satisfied the requirements of Rule 15(a).  Nicastle v. Adams Cnty. Sheriff's Office, No. 10-cv-00816-

REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011).[2]

Plaintiffs' proposed Amended Complaint, among other things, adds four paragraphs containing specific facts regarding deficient training by the Arapahoe County Sheriff's Office.  Plaintiffs state that they first learned of these additional facts during the depositions of Craig Tangeman, held on February 20, 2013, and Matt Hanagan, held on April 12, 2013.  Plaintiffs argue they acted diligently after learning of the additional facts in filing the subject motion.  The Arapahoe Defendants do not directly argue that plaintiffs have failed to show good cause.

The court finds that plaintiffs have shown good cause to modify the Scheduling Order.  The court is somewhat concerned that plaintiffs first learned of the additional facts on February 20, 2013, but did not file the subject motion until May 3, 2013.  However, plaintiffs state that they waited until after the April 12, 2013 deposition "in order to learn whether [Agent Hanagan] would contradict or supplement Investigator Tangeman's memory of ACSO's training on the issue and avoid multiple requests to supplement."  Taking this statement at face value, and noting that the Arapahoe Defendants do not argue otherwise, the court finds that plaintiffs have shown good cause.

Having found good cause, the court must now determine if leave to amend the complaint should be given under Rule 15(a).  Rule 15(a) provides that leave to amend

---

[2] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b)[(4)] in addition to the Rule 15(a) requirement."  Strope v. Collins, 315 Fed. Appx. 57, 62 n.4 (10th Cir. 2009) (unpublished decision) (internal quotation omitted).

"shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.  Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006).

The court finds that there is some level of undue delay and that plaintiffs' amendment will unduly prejudice the Arapahoe Defendants.  The Arapahoe Defendants' Motion to Dismiss (Docket No. 49) was filed on November 9, 2012.  The Arapahoe Defendants filed their motion following the expiration of the amendment of pleadings deadline and the filing of plaintiff's Second Amended Complaint (Docket No. 52). Accordingly, at the time they filed their motion, the Arapahoe Defendants could assume there would be no further amendments absent a showing of good cause to modify the Scheduling Order.

Then, almost one month after the Motion to Dismiss was filed, and a month and a half after the expiration of the amendment of pleadings deadline, plaintiffs attempted to amend their complaint.  However, plaintiffs completely failed to address the good cause standard in their motion (Docket No. 52).  Indeed, despite the fact that the good cause standard was addressed by the Arapahoe Defendants in their response (Docket No. 56), plaintiffs neglected to file a reply and address the relevant standard.

Now, *seven* months after the expiration of the amendment of pleading deadlines, and almost *six* months after the Arapahoe Defendants filed their Motion to Dismiss, plaintiffs are once again seeking to amend their complaint.  Furthermore, the discovery cut-off date has passed and the dispositive motions deadline is little more than one

month away.

The court acknowledges that the subject additional facts were not discovered until the deposition of Craig Tangeman on February 20, 2013.  However, *given the above circumstances,* plaintiffs should have acted as quickly as possible to amend their complaint; waiting two and a half months, until May 3, 2013, constitutes undue delay in the eyes of the court.  Furthermore, in light of the above circumstances, allowing plaintiffs to amend their complaint at this point in time would unduly prejudice the Arapahoe Defendants.  The Arapahoe Defendants' Motion to Dismiss is ripe for ruling, and has been so for some time.  As detailed in the Arapahoe Defendants' response (Docket No. 83), plaintiffs seem to be abandoning and resurrecting claims at will.  The court will not require the Arapahoe Defendants to address a "moving target."  See Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a 'moving target.'").  For these reasons, the court must deny plaintiffs' request to amend their complaint.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Leave to File Supplemental Complaint (Docket No. 76) is **DENIED**.

Date:  May 29, 2013                           s/ Michael J. Watanabe
        Denver, Colorado                    Michael J. Watanabe
                                            United States Magistrate Judge