IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01103-WYD-MJW

VIRGILIUS LIPS and
LYNDA LIPS,

Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY;
ARAPAHOE COUNTY SHERIFF GRAYSON ROBINSON, In his official capacity;
SERGEANT JASON ANDERSON, in his individual and official capacities;
DETECTIVE CESAR MADRIGAL, in his individual and official capacities;
SERGEANT STEVE CROUSHORE, in his individual and official capacities; and
DETECTIVE JOSEPH POLLACK, in his individual and official capacities,

Defendants.

Consolidated with

Civil Action No. 12-cv-01107-WYD-MJW

MELVEN LIPS and
JULIEN LIPS,

Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY;
ARAPAHOE COUNTY SHERIFF GRAYSON ROBINSON, In his official capacity;
SERGEANT JASON ANDERSON, in his individual and official capacities;
DETECTIVE CESAR MADRIGAL, in his individual and official capacities;
SERGEANT STEVE CROUSHORE, in his individual and official capacities; and
DETECTIVE JOSEPH POLLACK, in his individual and official capacities,

Defendants.

**ORDER ON
PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO
FILE CONSOLIDATED SUPPLEMENTAL COMPLAINT (Docket No. 99)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 8) issued by Judge Wiley Y. Daniel on May 2, 2012.

Now before the court is Plaintiffs' Motion for Reconsideration of Order Denying Leave to File Consolidated Supplemental Complaint (Docket No. 99). The court has carefully considered plaintiffs' motion (Docket No. 99) and the Arapahoe Defendants' response (Docket No. 105). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

On May 29, 2013, this court entered an Order (Docket No. 97) denying Plaintiffs' Motion for Leave to File Consolidated Supplemental Complaint (Docket No. 76). Plaintiffs sought leave to amend their Amended Consolidated Complaint (Docket No. 47). The court denied plaintiffs' motion, finding undue delay by plaintiffs. The court also found that leave to amend would unduly prejudice defendants.

Plaintiffs now urge the court to reconsider its order. First, plaintiffs point out that the court's order was issued before the due date for plaintiffs' reply brief. Second, plaintiffs argue they did not unduly delay filing their motion to amend. Third, plaintiffs argue leave to amend would not unduly prejudice defendants.

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Servants of the Paraclete v. Does,

3

204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Id. (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)). Plaintiffs do not argue that there is a change in the controlling law or that new evidence has come to light. Accordingly, plaintiffs must demonstrate that their motion for reconsideration should be granted to correct clear error or prevent manifest injustice.

First, as to plaintiffs' argument that they should have been permitted to file a reply brief, this court's local rules make clear that a court may rule on a motion "at any time after it is filed." See D.C.COLO.LCivR 7.1C; see also Whittington v. Taco Bell of Am., Inc., No 10-cv-01884-KMT-MEH, 2012 WL 3705046, at *1 (D. Colo. Aug. 27, 2012) (ruling on a motion prior to the due date for the reply brief). Moreover, having reviewed plaintiffs' reply brief (Docket No. 98), the court finds nothing therein that would have altered the court's original order.

Regarding plaintiffs' other arguments, the court finds that plaintiffs have failed to identify a clear error or a need to prevent manifest injustice. Plaintiffs cite to a litany of cases in support of their arguments that there was no undue delay and that defendants would not suffer undue prejudice. In essence, plaintiffs are attempting to reargue issues already addressed by the court, albeit with additional case law. This is not an appropriate basis for a motion to reconsider. See Servants of Paracletes, 204 F.3d at 1012 (stating that a motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advanced new arguments, or supporting facts which were available at the time of the original motion").

Regardless, the court has reviewed the additional case law provided by plaintiffs,

4

and finds nothing to support reconsideration of the court's order. The court made clear in its order that its determination was made in light of the particular circumstances and procedural history of this case. The numerous cases cited by plaintiffs may involve the same issue before this court, i.e., a motion to amend, but they do not involve the same or similar circumstances. Accordingly, the court finds no reason to reconsider its original order.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration of Order Denying Leave to File Consolidated Supplemental Complaint (Docket No. 99) is **DENIED**.

Date: June 6, 2013　　　　　　　　s/ Michael J. Watanabe
　　　　Denver, Colorado　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　United States Magistrate Judge